however, is different. In Crosby v. Dowd the question was whether a decree was not void which purported to enforce a lien upon property not described in the decree itself, and which could only be identified, if at all, by reference to conveyances on record. Here the reference is to ordinances showing the manner in which the work is to be done, and of which appellants were not only bound to take notice, but were conclusively presumed to have knowledge. Finding no error in the record, we advise that the judgment and order appealed from be affirmed.

We concur: Vanclief, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion, it is ordered that the judgment and order appealed from be affirmed.

————

## Ex Parte BELL.

### October 18, 1893.

#### 34 Pac. 641.

**Larceny—Jurisdiction of Superior Court.**—Where a defendant is convicted in the superior court of petit larceny, on an information which charges him with grand larceny, he may be confined in the county jail under such conviction, though the superior court has no jurisdiction of petit larceny, since the charge of grand larceny gave the court jurisdiction, and Penal Code, section 1159, authorizes a conviction of petit larceny when grand larceny is charged.

Application by Charles Bell for a writ of habeas corpus, alleging that he was illegally imprisoned under a conviction of petit larceny. Denied.

P. E. & Robt. A. King for petitioner.

PER CURIAM.—The petitioner was accused by information of the crime of grand larceny, and, after a trial in the superior court, convicted of petit larceny. His imprisonment in the county jail upon that conviction is alleged to be unlawful, because the superior court has no jurisdiction of petit larceny.

But the charge of grand larceny gave the superior court juris-
diction, and the statute authorizes a conviction of petit lar-
ceny, when grand larceny is charged: Pen. Code, sec. 1159.
Writ denied.

## WAGNER v. SUPERIOR COURT OF LOS ANGELES COUNTY.*

### No. 15,506; October 27, 1893.

#### 34 Pac. 648.

Insolvency—Proceeding to Vacate Discharge.—Where a person
has been discharged in insolvency, the court has no jurisdiction to hear
a petition by his assignee to annul the certificate of discharge, since,
under insolvent act 1880, section 53, providing that "any creditor" of
an insolvent debtor who has obtained such discharge may contest
its validity on the ground that it was fraudulently obtained, such
a proceeding can only be commenced by a creditor.

Petition by L. M. Wagner for a writ of prohibition to re-
strain the superior court of Los Angeles county from proceed-
ing under an order made by it directing petitioner to appear
and show cause why an order made on a petition for insolvency
discharging her from her debts should not be vacated. Writ
granted.

W. H. Pollard for petitioner; Mr. Graff for respondent.

PER CURIAM.—Application for a writ of prohibition. It
appears that on September 28, 1892, the petitioner, L. M. Wag-
ner, was adjudged insolvent by the superior court of Los
Angeles, and subsequently the court, in the matter of the in-
solvency proceeding, made a distribution of all of the estate
of the insolvent which had come into the possession of the as-
signee, and granted to the petitioner here a certificate of
discharge from all debts and claims existing against her at the
date of the filing of her petition to be adjudged insolvent, and
also made an order discharging the assignee. When these or-
ders were made, the insolvency proceedings were ended, and

---

*For subsequent opinion in bank, see 100 Cal. 359, 34 Pac. 820.